IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHELLE ATENCIO,

    Plaintiff,

v.	Civ. No. 15-343 WPL/KK

CITY OF ALBUQUERQUE *et al.*,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF DISCOVERY

THIS MATTER comes before the Court on Defendants' Motion and Memorandum in Support of Defendants' Motion for Stay of Discovery and Request for Entry of a Protective Order ("Motion for Stay of Discovery") (Doc. 15), filed June 11, 2015.  According to Federal Rules of Civil Procedure 5 and 6, and Local Rule 7.4, Plaintiff's response to Defendants' Motion for Stay of Discovery was due on or before June 29, 2015.  Fed. R. Civ. P. 5(b)(2)(E), 6(d); D.N.M. LR-Civ. 7.4(a).  As of the date of entry of this Order, there is no indication on the docket that Plaintiff either filed a response to Defendants' Motion for Stay of Discovery, or obtained an extension of time in which to do so.  Moreover, Defendants filed a Notice of Completion of Briefing (Doc. 21) regarding the Motion for Stay of Discovery on June 30, 2015, based on Plaintiff's failure to timely respond to the motion; and, Plaintiff has not subsequently filed any pleading indicating that the Notice of Completion of Briefing was filed in error.

According to Local Rule 7.1, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M. LR-Civ. 7.1(b).  The Court therefore finds that Plaintiff, having failed to

timely file a response to Defendants' Motion for Stay of Discovery, has consented to the granting of it.

The Court further finds that Defendants' motion sets forth a valid basis for the relief requested.  The Motion for Stay of Discovery relies on Defendant Russell Carter's Motion for Summary Judgment Requesting Dismissal of All of Plaintiff's Claims Set Forth in the Complaint against Him on Qualified Immunity Grounds (hereinafter "Motion for Summary Judgment") (Doc. 13), filed June 11, 2015.  In his Motion for Summary Judgment, Defendant Carter raised the defense of qualified immunity.  (*Id.*)  The Supreme Court has repeatedly highlighted the broad protection that the qualified immunity defense provides, and has stressed that it protects officials not only from having to stand trial, but also from having to bear the burdens associated with litigation, including pretrial discovery.  *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *Pearson v. Callahan*, 555 U.S. 231-32 (2009).  Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has emphasized that trial courts should resolve the issue before discovery if possible.  *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991), *overruled on other grounds by Pearson*, 555 U.S. at 238-39; *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).  As such, the Tenth Circuit holds that when a defendant has filed a dispositive motion based on qualified immunity, he is ordinarily entitled to a stay of discovery.  *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).

To be entitled to limited discovery after a qualified immunity defense has been raised, a plaintiff must show

> how discovery will enable [the plaintiff] to rebut a defendant's showing of objective reasonableness or, stated alternatively, demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion. To that end, it is insufficient for the party opposing the motion to merely assert that additional discovery is required to demonstrate a factual dispute or that evidence supporting a party's allegation is in the opposing party's hands.

*Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (10th Cir. 1990). By neglecting to file a response to Defendants' Motion for Stay of Discovery, Plaintiff has failed to seek any discovery at all, much less to "demonstrate a connection between the information [s]he would seek in discovery and the validity of [Defendant Carter's] qualified immunity assertion." *Id.* Therefore, discovery will be stayed at this time. If, at a later date, Plaintiff wishes to seek discovery and is able to identify particularized discoverable information that she needs but does not have to rebut Defendant Carter's qualified immunity defense, she may file a motion to reopen discovery for that limited purpose.

IT IS THEREFORE ORDERED that Defendants' Motion for Stay of Discovery (Doc. 15) is GRANTED. Discovery in this matter is stayed pending resolution of Defendant Carter's Motion for Summary Judgment (Doc. 13) or further order of the Court.

IT IS FURTHER ORDERED that the Rule 16 Initial Scheduling Conference previously set for Thursday, July 2, 2015 at 2:00 p.m. (Doc. 9) is hereby VACATED.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE